ARANZAMENDI ET AL *v.* LOUBRIEL ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 28.—Resuelto en enero 11, 1904.

HEREDEROS—CESIÓN O TRASPASO DE DERECHOS.—Los herederos no pueden ceder o traspasar más derechos de los que a su causante correspondieran. (*)

ID.—PERSONALIDAD O CAPACIDAD.—Los herederos no pueden hacer cesión o traspaso alguno de derechos, sin justificar antes su personalidad como tales herederos, bien con el testamento, o con la declaratoria judicial en que se les reconozca.

ID.—DOMINIO—DERECHOS DEL CAUSANTE.—Promovida una información para acreditar el dominio de ciertos bienes a título de herencia, es necesario justificar en primer término el dominio del causante.

ID.—DERECHOS DE LOS COHEREDEROS.—Promovida una información de dominio a nombre de determinados herederos, y no a nombre de la sucesión, no sería posible declarar el dominio de los bienes a favor de los promoventes y decretar que se inscriban a su nombre en el registro de la propiedad, si constare acreditado en los autos la existencia de otros herederos, cuyos derechos y acciones no estuvieren legítimamente representados en la información.

ID.—INSUFICIENCIA DE LA PRUEBA.—Si la prueba presentada en una información de dominio no fuere suficiente para acreditar éste a favor de los promoventes, ni se hubiere probado tampoco que éstos no lo hubieren adquirido por prescripción, o por algún otro título, la información deberá desestimarse.

COSTAS.—Las costas se impondrán a las partes cuyas pretensiones se hubieren totalmente desestimado; pero si las peticiones de ambas partes no prosperaren en absoluto, cada una debe pagar las costas causadas a su instancia.

EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de San Juan a instancia de D. Alfredo Solomon y D. José Asencio Smith, en representación de sus respectivas esposas, Doña Carmen y Doña Escolástica Aranzamendi, y continuados por fallecimiento de esta última por sus hijos Doña Isabel, Doña Estela, D. Alberto y D. Alfredo, representados por su legítimo padre, Don Alfredo Solomon, sobre declaratoria de dominio de dos fincas rústicas, e incidente de oposición formulado por D. Jesús Loubriel y otros; pendientes ante nos a virtud del recurso de casación por infracción de ley, hoy de apelación, interpuesto por la representación de ambas

partes contra la sentencia pronunciada por el referido tribunal del distrito en 28 de enero de mil novecientos dos, que declaró con lugar la oposición formulada al expediente de dominio promovido por los peticionarios D. Alfredo Solomon (*) y D. José Asencio Smith en representación de sus respectivas esposas, Doña Escolástica y Doña Carmen de Aranzamendi, y en su virtud que a D. Jesús Loubriel Rosa, D. Pedro Sayans y su esposa, Doña Rosario López, y a Doña Carmen Aguilar y Santaella de Feliú, en representación de sus hijos, D. Agustín y Doña María Seculina Feliú y Aguilar, corresponden en posesión respectivamente las casas que se describen en la referida sentencia, se declaró sin lugar el expediente de dominio respecto a los terrenos que con dichas · fincas se reclamaban y que no se hacía declaración alguna respecto a D. Antonio B. Caimares por no haber continuado su oposición, manifestando no encontrarse dentro de las parcelas reclamadas, sin especial condena de costas, y que luego que fuera firme esta sentencia se diera cuenta para proveer respecto a las demás porciones de terreno sobre las que no había versado la oposición.

*Resultando:* que en diez de enero de mil novecientos, el abogado D. Antonio Sarmiento a nombre de D. Alfredo Solomon y D. José Asencio Smith, en representación de sus respectivas esposas, Doña Escolástica y Doña Carmen Aranzamendi presentó escrito al extinguido Juzgado de Primera Instancia del Distrito de la Catedral de esta ciudad, ofreciendo información para acreditar el dominio de dos parcelas de terreno radicadas en el barrio de Cataño del término municipal de Bayámón, exponiendo que Don José Lucas de Aranzamendi y Elzaburu fué dueño de dichas parcelas de terreno y las había adquirido en el sorteo verificado en quince de octubre de mil ochocientos sesenta y uno entre los accionistas de la extinguida compañía de vapores de Puerto Rico y formaban parte del área total de terrenos que pertenecieron a la citada compañía, la que a su vez los hubo de Doña Ana

María Dávila en escritura de catorce de enero de mil ochocientos cincuenta y uno, ratificada por su heredero el Pbro. Don Mariano Dávila por la de once de febrero de mil ochocientos noventa y dos; que muerto Don José Lucas de Aranzamendi (*) en diez y seis de enero de mil ochocientos sesenta y ocho fueron declarados por sus herederos abintestatos la promovente Doña Carmen y sus hermanos, Don Alberto y Don Genaro, sucediendo a este último su hija la otra compareciente, Doña Escolástica, según constaba de la certificación que se acompañaba; que Don Alberto falleció el seis de abril de mil ochocientos ochenta y ocho, instituyendo por heredera a su esposa, Doña Matilde Larrínaga, la que también falleció en el año de mil ochocientos noventa y cuatro, sin dejar sucesión; y que careciendo de título bastante a los efectos del registro de las expresadas parcelas de terreno, porque el que tenían y presentaban tenía nota denegatoria de la inscripción, promovía el expediente de dominio que autorizaba el artículo 395 de la Ley Hipotecaria y el 6 de la Orden Judicial de 4 de abril del año anterior, ofreciendo las pruebas de su derecho, y concluyendo con la solicitud de que, previa vista al Ministerio Fiscal, se le admitiera la información que ofrecía con citación de los propietarios de los predios colindantes y convocando por edictos y por término de sesenta días naturales a las personas ignoradas a quienes pudiera perjudicar la inscripción solicitada, que en su día se declarara justificado el dominio de las parcelas descritas, mandando se hiciera en el registro de la propiedad de esta capital, la oportuna inscripción por medio del correspondiente testimonio del auto aprobatorio de la información propuesta.

*Resultando:* que en unión del expresado escrito presentó el abogado defensor de los promoventes un testimonio del auto dictado por el mismo Juzgado de Primera Instancia de la Catedral en tres de febrero de mil ochocientos noventa y nueve, por el que declaró herederos del difunto Don Lucas de Aranzamendi a su legítima hija, Doña Carmen, y a su

nieta, Doña Escolástica, del mismo apellido, en representación esta última de su difunto padre, Don Genaro Aranzamendi; y otro testimonio de la declaratoria otorgada por (*) Don José Ramón Fernández y Don Manuel García por escritura pública (en esta capital) ante el escribano público Don Manuel Camuñas en doce de abril de mil ochocientos sesenta y dos, en la que insertándose a la letra el acta de la junta celebrada por los accionistas de la extinguida Compañía de Vapores de Puerto Rico, en quince de octubre del año anterior, de la que resulta que reunidos en esta última fecha en la casa de los Sres. Sobrinos de Ezquiaga varios accionistas de la expresada compañía con objeto de acordar la manera de distribuirse los terrenos que poseía dicha sociedad en el barrio de Cataño y las demás pertenencias de la misma, que aun estaban pendientes de distribución, fué acuerdo unánime que dichos terrenos se dividieran en tantas parcelas como acciones componían el haber de la sociedad y que se distribuyeran a la suerte entre los accionistas, adjudicándose a cada uno tantas parcelas como acciones le pertenecían, y que verificado el sorteo correspondieron al socio Don José Lucas de Aranzamendi las marcadas con los números 14 y 22 del plano general de los terrenos que habían formado al efecto, y había sido aprobado por la junta, y comisionándose a los accionistas Don José Ramón Fernández y Don Manuel García para que, con copia del acta expresada, otorgaran la competente escritura pública para mayor firmeza de la propiedad adquirida por los accionistas sobre sus respectivas parcelas, como así lo verificaron por medio de la citada escritura, declarando al efecto que los terrenos que componían la totalidad de las parcelas distribuídas constaban de doscientas diez y siete mil varas cuadradas, que eran parte de las cuarenta cuerdas de terreno que la sociedad había adquirido por compra a Doña Ana María Dávila, según la promesa de venta que le había otorgado en catorce de enero de mil ochocientos cincuenta y uno ante el finado Escribano Don Eusebio Núñez, y

que por virtud de dicha escritura desapoderaban y apartaban a la expresada sociedad del derecho de propiedad, dominio y señorío que sobre dichos terrenos tenía y lo transferían (*) a los agraciados en la parte que a cada uno había correspondido en el sorteo verificado.

*Resultando:* que al pie de dicha escritura aparece una nota del registrador de la propiedad de esta capital que copiada a la letra dice así:

"No admitida la inscripción del precedente documento, en cuanto a las parcelas números 14 y 22 únicas de que se ha solicitado, por omitirse la descripción de las mismas, no pudiendo por tanto averiguarse si se hallan o nó inscritas en el moderno registro; porque apareciendo que formaban parte de la Compañía de Vapores de Puerto Rico todos los adjudicatarios de parcelas, no ha concurrido gran número de ellos a la sesión de quince de octubre de 1861 en que se sortearon los lotes, no estando el acta de dicha sesión suscrita por todos los concurrentes; porque las escrituras de sociedad, la de promesa de venta y ratificación de la misma se refieren a la asociación denominada 'Compañía del Vapor de Cataño,' no justificándose que esa sociedad sea la misma 'Compañía de Vapores de Puerto Rico,' a que se refiere la declaratoria sobre distribución de los terrenos de Cataño; porque en el auto de declaratoria de herederos de Don José Lucas Aranzamendi se omite a su hijo Don Alberto que falleció con posterioridad y no pareciendo subsanables dichos defectos, no es admisible la anotación preventiva; y suspendida además porque Don Mariano Dávila otorgante de la escritura de ratificación, no justifica el carácter de heredero de sus padres con que comparece, y por no constar que el auto de declaratoria de herederos antes citado esté ejecutoriado.   San Juan Bautista de Puerto Rico, primero de noviembre de mil ochocientos noventa y nueve.   El registrador, José Benedicto."

*Resultando:* que admitida la información propuesta, con citación de los colindantes, y convocándose por edictos en la *Gaceta Oficial* a las personas ignoradas a quienes pudiera perjudicar la inscripción solicitada, comparecieron Don Antonio Caimares y Candelario, Doña Carolina Gutiérrez, Don

Pedro Sayans y su esposa, Doña Rosario López y Don Jesús Loubriel y Rosa, bajo la dirección de sus respectivos abogados defensores, oponiéndose a la declaración pretendida, (*) y alegando que eran poseedores respectivamente de varias casas con sus solares, radicadas en los terrenos reclamados por los promoventes, las que tenían inscritas en el registro de la propiedad, por medio de los posesorios correspondientes, y las habían adquirido por los títulos y en las fechas que expresan en sus respectivos escritos; y exponiendo además, entre otras razones, en apoyo de su derecho, que los promoventes no sólo carecían de título de dominio sobre las dos parcelas de terreno, cuya inscripción pretendían, sino que tampoco habían tenido jamás la posesión de ellas, ni podían acreditar que hubiesen pagado un centavo de contribución; y en cambio ellos justificaban sus títulos de adquisición por medio de sus respectivos posesorios, inscritos en el registro de la propiedad, y la posesión continua y tranquila por un número de años suficiente para adquirir el dominio, con arreglo al artículo 1957 del Código Civil, según el cual el dominio y los demás derechos reales sobre bienes inmuebles, se prescriben por la posesión durante diez años entre presentes y veinte entre ausentes, con buena fe y justo título; y pidiendo en conclusión, que en su día se declarara no haber lugar a la inscripción de dominio solicitada por los promoventes en lo que se refería a las casas descritas y a los solares en que se hallaban enclavadas, con imposición de las costas al que se opusiere a la declaración solicitada, continuando después la oposición por Doña Carolina Gutiérrez, Doña Carmen Aguilar y Santaella, a quien la primera trasmitió sus acciones y derechos sobre la casa que decía poseer, en representación de sus hijos, Don Agustín y Doña María Seculina Feliú y Aguilar.

*Resultando:* que admitidas las pruebas propuestas por las partes, se trajeron a solicitud de los promoventes de la información propuesta, un testimonio del auto dictado por el extinguido Juzgado de primera Instancia de la Catedral

de fecha dos de enero de mil novecientos, por el que, aclarando el que dictara con fecha trece de febrero del año anterior, (*) declaró también heredero de Don José Lucas de Aranzamendi a su hijo legítimo, Don Alberto, que falleció en seis de abril de mil ochocientos ochenta y ocho: otro testimonio de la escritura de veinte y siete de noviembre de mil ochocientos cuarenta y nueve sobre constitución de la Sociedad Anónima, denominada "Compañía del Vapor de Cataño," establecida en esta capital, con un capital de cincuenta mil pesos macuquinos, dividido en quinientas acciones de a cien pesos cada una, para facilitar por medio de buques de vapor las comunicaciones dentro de la bahía de esta capital, o sea desde el muelle a la costa de Cataño, y con los demás puertos de la Isla, y cuya duración y demás condiciones se detallan en dicho documento, otro testimonio de la escritura otorgada en esta capital ante el Escribano Real y del Juzgado de Guerra Don Eusebio Núñez, en catorce de enero de mil ochocientos cincuenta y uno, por la que declaró Doña Ana María Dávila que la junta directiva de la sociedad "Vapor de Cataño" había acordado en sesión celebrada el tres de junio del año anterior, la aprobación de la compra de cuarenta cuerdas de terrenos ubicados en el sitio de Cataño, correspondientes a la otorgante, al respecto de veinte pesos cada una, siendo de por mitad los costos de la mensura, y de cuenta de ella la confección de la escritura de venta en debida forma, tan luego como se finalizara la testamentaría de su marido Don Tomás Dávila y Quiñones; que las mencionadas cuarenta cuerdas de terrenos habían sido ya mensuradas por el geómetra Don Santurnino Rivera, el que había extendido la correspondiente certificación; que unida al plano que igualmente levantara, había entregado a la sociedad compradora, la que estaba en posesión del predio vendido, según la formal entrega que le había hecho Don Felipe Dávila, como apoderado general de la compareciente, a Don Nicasio Viñas, comisionado por la expresada junta para re-

cibirlo; que había recibido a su satisfacción los ochocientos pesos macuquinos a que ascendían las cuarenta cuerdas, al (*) respecto de veinte pesos una, constituyéndose por lo mismo a otorgar a la junta la escritura de venta con todas las solemnidades consiguientes, sin gravamen ni hipoteca alguna, tan inmediatamente como se terminara el expediente de testamentaría de su citado esposo, y obligando a la observancia del compromiso que por dicha promesa de venta contraía, todos sus bienes.

*Resultando:* que también se trajo como prueba propuesta por los promoventes otro testimonio de la escritura otorgada en esta capital ante el Notario Don Mauricio Guerra Mondragón y Mejía en once de febrero de mil ochocientos noventa y dos por el Presbítero Don Mariano Dávila y Dávila y Doña Dolores Taforó e Irizarry, por la que el primer compareciente, en su carácter de único y universal heredero de sus difuntos padres Don Tomás Dávila y Quiñones y Doña Ana María Dávila y Rivera, declaró: que habiendo sido requerido por la otra compareciente como representante de la sucesión de su difunto esposo Don Manuel de la Cruz, otro de los accionistas de la extinguida Sociedad del Vapor de Cataño, y poseedor de las parcelas números 3 y 8 que le habían correspondido en el sorteo de que antes se ha hecho mérito, para que ratificara la escritura de promesa de venta que a favor de dicha sociedad había otorgado su difunta madre Doña Ana María Dávila, de las cuarenta cuerdas de los terrenos de Cataño, y otorgara la de venta que su citada madre no llegó a otorgar, así lo verificó el citado presbítero ratificando en todas sus partes la expresada promesa de venta, y trasmitiendo a favor de la junta directiva de la Sociedad del Vapor de Cataño, la propiedad y dominio que sobre dicho terreno pudiera corresponderle como único heredero de sus padres los expresados Don Tomás Dávila y Quiñones y Doña Ana María Dávila.

*Resultando:* que también se trajeron a solicitud de los

promoventes, un testimonio del testamento nuncupativo otorgado por la citada Doña Ana María Dávila, en esta capital, (*) ante el Escribano Don Demetrio Giménez y Moreno el veinte y uno de agosto de mil ochocientos setenta y siete, por cuya cláusula tercera declaró que había sido casada con Don Tomás Dávila y Quiñones, en cuyo matrimonio habían tenido y procreado por sus legítimos hijos, Don Mariano, Doña Anacleta, Don José María Ruperto, Doña Justa, Don Raimundo, Doña Josefa, Don Manuel y Don Tomás Dávila, de los cuales sólo vivía en aquella fecha el primero, habiendo fallecido todos los demás sin dejar sucesión alguna; por la sexta legó el quinto líquido de todos sus bienes a su hijo de crianza Don Santiago Alberto Dávila, menor de edad entonces; y por la octava instituyó por su único y universal heredero de todos sus bienes, derechos y acciones a su hijo el citado presbítero Don Mariano Dávila y Dávila; una certificación librada por el secretario del Tribunal de Distrito de San Juan, en la que consta que dictado el auto de tres de febrero de mil ochocientos noventa y nueve, por el que hizo la declaratoria de herederos de Don José Lucas de Aranzamendi, se notificó dicho provisto a las partes interesadas y al Fiscal, y como no se interpusiera contra él recurso alguno, había quedado consentido y ejecutoriado; y otra certificación del registro civil de esta capital creditiva del fallecimiento de Doña Escolástica Aranzamendi y Villalón ocurrido el día dos de agosto de 1901; que a la fecha de su fallecimiento estaba casada con Don Alfredo Solomon, en cuyo matrimonio habían procreado cuatro hijos llamados Isabel, Estela, Alberto y Alfredo, y por último el informe emitido por el Alcalde de Bayamón, Don F. Matheu, del que resulta que el ayuntamiento de aquel pueblo no acostumbraba hacer cesiones o ventas de terrenos en Cataño para dedicarlos a solares, limitándose el concejo a conceder permisos para construcciones en aquel punto, en los sitios que los interesados expresaran

en sus respectivas instancias, pero dejando a salvo el derecho de propiedad y sin perjuicio de tercero.

*Resultando:* de las certificaciones del secretario y alcalde (*) de Bayamón traídas a solicitud de los opositores, que Don Jesús Loubriel, Don Antonio Mauri, Doña Carolina Gutiérrez, Don Gabriel Chiessa y Don Eduardo y Doña Rosario López Cepero figuraban en los padrones de riqueza de aquel pueblo en los años y por los conceptos y con las cuotas de contribución que se expresan en dichos documentos; no así Don José Asencio, Don Alfredo Solomon, Doña Carmen Aranzamendi, Doña Escolástica y Don José Lucas del mismo apellido, los cuales no figuraban en los padrones de riqueza de dicha población con cuota alguna de contribución por terrenos en el barrio de Cataño.

*Resultando:* que en el acto del juicio oral, el perito Don Armando Morales, que había sido nombrado a solicitud de los promoventes, se ratificó en el plano que había presentado y obraba en autos, de las parcelas objeto de la información propuesta; declarando los testigos de los opositores Don Eduardo Martorell, Don Liborio Fuentes, Don Arturo Iglesias y Don Raimundo Rodríguez que hacía muchos años vivían en el poblado de Cataño, y que nunca habían conocido allí como propietarios ni poseedores de terrenos en aquellos contornos al difunto Don José Lucas de Aranzamendi, ni a sus hijas, Doña Carmen y Doña Escolástica, de igual apellido; que tampoco habían conocido allí a ningún colono ni arrendatario de terrenos poseyendo el todo ni parte de las parcelas que reclaman como suyas en estos autos las hermanas Aranzamendi, en nombre de éstas ni de su difunto padre Don José Lucas; y que hacía muchos años conocían a Don Jesús Loubriel y a los esposos Don Pedro Sayans y Doña Rosario López como poseedores y propietarios de casas y solares en el poblado de Cataño, sin que nunca hayan sido inquietados ni interrumpida su continuada posesión por reclamación ni acto alguno de las hermanas Aranzamendi, ni

de otra persona a su nombre; y a preguntas del abogado defensor de los promoventes, que no conocen los títulos en virtud de los cuales poseen dichos individuos; agregando además (*) el testigo Don Eduardo Mortorell que reconocía como suyas la firma y rúbrica estampadas en el documento obrante al folio 55, y el otro testigo Rodríguez que es poseedor de terrenos en Cataño por títulos de dominio y posesorio adquiridos de los anteriores dueños, y que es opositor en su carácter de concejal del ayuntamiento en un expediente de dominio promovido por Don J. Elzaburu; y Doña Carmen Aranzamendi que ignoraba si su padre, Don José Lucas, hubiera estado o nó en posesión de las dos parcelas de terreno, porque ella era muy niña cuando su padre murió, y en cuanto a ella, que no ha estado en posesión por haberse marchado a Nueva York; que no le consta si se han pagado o nó contribuciones por las citadas parcelas, pues estaba en la creencia de que las pagaba su marido, y en cuanto a su padre se atiene a lo que había declarado antes; que como no conocía el sitio de las parcelas, no podía impedir que fabricaran en ellas; que se considera con derecho, puesto que desde que llegó de Nueva York ha empezado a practicar gestiones sobre las citadas parcelas; y que no las ha declarado para el cómputo de la contribución, por no estar en posesión de ellas.

*Resultando:* que terminado el juicio oral dictó sentencia el Tribunal de Distrito de San Juan en veinte y ocho de enero de mil novecientos dos, declarando con lugar la oposición formulada al expediente de dominio promovido por Doña María del Carmen y Doña Escolástica Aranzamendi, y por fallecimiento de ésta sus hijos, Doña Isabel, Doña Estela, Don Alberto y Don Alfredo, representados por su padre Don Alfredo Solomon, declarando en su virtud que a Don Jesús Loubriel Rosa, Don Pedro Saÿans y su esposa Doña Rosario López, y a Doña Carmen Aguilar y Santaella de Feliú en representación de sus hijos Don Agustín y Doña María Secu-

lina Feliú y Aguilar, corresponden en posesión, respectivamente, las casas que se describen (*) en dicha sentencia; se declara sin lugar el expediente de dominio respecto a los terrenos que con dichas fincas se pretende; que no se hace declaración alguna respecto a Don Antonio B. Caimares por no haber continuado su oposición, manifestando no encontrarse dentro de las parcelas reclamadas, sin especial condena de costas; y que firme que sea esta sentencia se dé cuenta para proveer respecto a las demás porciones de terreno de que no se ha hecho oposición.

*Resultando:* que contra esta sentencia interpusieron recurso de casación por infracción de ley los representantes de ambas partes, fundando el suyo la representación de los promoventes en los números 1, 2 y 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, y citando como infringidos los artículos 1940, 1957 y 1973 del Código Civil y 394 de la Ley Hipotecaria en su párrafo 5, y la representación de los opositores, como fundado en el No. 1 del mismo artículo 1690 de la citada ley de trámites y citando como infringido el artículo 63 de la Orden General No. 118, por cuanto habiéndose declarado con lugar en todas sus partes la oposición formulada al expediente de dominio, debió el tribunal, de acuerdo con las prescripciones terminantes de dicho artículo, imponer todas las costas a los contrarios que temerariamente habían impugnado dicha oposición; y admitidos dichos recursos y elevados los autos a esta Superioridad, con citación y emplazamiento de las partes, personadas éstas y sustanciados los recursos interpuestos, se dió a los autos la tramitación marcada por la ley de la Asamblea Legislativa de esta Isla, transformando esta Corte Suprema en tribunal de apelación y en su consecuencia, entregados los autos nuevamente para instrucción, y devueltos que fueron, se señaló día para la vista, que se celebró con asistencia e informe de los abogados defensores de las partes.

Abogados de las promoventes: *Sres. Sarmiento y Bosch.*

Abogado de los opositores: *Sr. Torres Monge.*(*)

EL JUEZ PRESIDENTE SR. QUIÑONES, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que atendido el mérito de la documentación presentada por los promoventes D. Alfredo Solomon y D. José Ascencio Smith en representación de sus respectivas esposas Doña Escolástica y Doña Carmen Aranzamendi, y las demás pruebas traídas a estos autos por los opositores D. Jesús Loubriel, Don Pedro Sayans y su esposa Doña Rosario López y Doña Carmen Aguilar, no puede estimarse acreditado el dominio de las promoventes sobre las dos parcelas de terreno a que se refieren estos autos, pues alegándose haberlas adquirido por herencia de su difunto padre Don José Lucas de Aranzamendi, necesitaban acreditar que éste fuera legítimo dueño de ellas, lo que no han probado de ninguna manera, toda vez que ni la extinguida sociedad del Vapor de Cataño, de quien se dice que las hubo el difunto Aranzamendi, llegó a adquirir el dominio de los terrenos de que se trata, por no habérselo trasmitido Doña Ana María Dávila por la escritura de catorce de enero de mil ochocientos cincuenta y uno, calificada por las mismas partes contratantes de simple promesa de venta, ni cumplido la obligación y compromiso que se impuso en el citado documento de otorgarle la escritura de venta real tan pronto se finalizara la testamentaría de su difunto esposo Don Tomás Dávila y Quiñones, ni se ha probado en ninguna forma que dicha Doña Ana María fuera realmente verdadera dueña de los terrenos de que se trata, pues antes al contrario, habiendo aplazado el otorgamiento de la escritura de venta hasta que se terminara la testamentaría de su difunto marido, lo que lógicamente se deduce de esto es, que no tenía título de propiedad sobre esas tierras y que esperaba el arreglo de la testamentaría de su esposo para obtenerlo y poder entonces trasmitírselo válidamente a la Empresa o Compañía del Vapor de

Cataño, con la que había contratado anticipadamente la compraventa de los expresados terrenos.(*)

*Considerando:* que tampoco le presta mayor fuerza y eficacia a la titulación presentada por los promoventes, la escritura otorgada por el Pbro. Don Mariano Dávila en su carácter de heredero único y universal de sus difuntos padres Don Tomás Dávila y Quiñones y Doña Ana María Dávila a favor de la junta directiva de la Sociedad del Vapor de Cataño, en esta capital, a once de febrero de mil ochocientos noventa y dos, por la que ratificando el compromiso contraído por su citada difunta madre en la escritura de promesa de catorce de enero de mil ochocientos cincuenta y uno de otorgar a la Empresa del Vapor de Cataño la escritura de venta en forma de las enunciadas cuarenta cuerdas de terreno, le cede y traspasa la propiedad y dominio que en dichas tierras pudiera corresponderle como tal único heredero de sus difuntos padres, pues ni como heredero de su citada madre Doña Ana María Dávila podía ceder y traspasar a la Empresa del Vapor de Cataño más derechos de los que a aquélla correspondían, y ya se ha expresado que no se ha probado los tuviera, ni consta que los hubiera adquirido de la testamentaría de su difunto esposo, que no aparece haya sido aprobada en ninguna forma, ni podía ceder ni traspasar tampoco los derechos que le correspondieran sobre esas tierras como único heredero que dijo ser de su difunto padre Don Tomás Dávila y Quiñones, cuando ni siquiera se ha probado su personalidad con el testamento o declaratoria judicial que lo acreditara como tal único heredero de su citado difunto padre.

*Considerando:* por otra parte, que aún prescindiendo de los defectos de que adolecen los títulos de propiedad de las promoventes Doña Carmen y Doña Escolástica de Aranzamendi, es evidente que habiendo promovido la información de que se trata en su propio nombre y no a nombre de la sucesión de su difunto padre, Don José Lucas de Aranza-

mendi, no es posible declarar el dominio de los terrenos a favor de las promoventes y mandar que se inscriban a su (*) nombre en el registro de la propiedad, constando como consta acreditado en estos autos que fueron tres los herederos abintestatos de Don José Lucas de Aranzamendi, su hija Doña Carmen, su nieta, Doña Escolástica, en representación de su padre Don Genaro, hijo también del difunto Don José Lucas, y su otro hijo, D. Alberto, que falleció en seis de abril de mil ochocientos ochenta y ocho, y cuyos derechos y acciones como tal heredero de su finado padre Don José Lucas no consta quién o quiénes los representen legítimamente en la actualidad.

.*Considerando:* por tanto que no siendo suficiente la documentación presentada por los promoventes para acreditar el dominio de sus respectivas esposas, Doña Escolástica y Doña Carmen Aranzamendi, sobre las dos parcelas de terreno a que se refiere la presente información, y no habiéndose probado por otra parte que las hubiesen adquirido por prescripción, ni por ningún otro título, puesto que consta plenamente probado que ni Doña Escolástica ni Doña Carmen Aranzamendi, ni su padre y causante Don José Lucas del mismo apellido poseyeran jamás por sí ni por mediación de ninguna otra persona los terrenos de que se trata; por todos cuyos motivos procede que se desestime la información propuesta por Don Alfredo Solomon y Don José Asencio Smith en las representaciones con que intervienen en estos autos.

*Considerando:* en cuanto a la oposición formulada por Don Antonio B. Caimares, Don Jesús Loubriel, Don Pedro Sayans y su esposa Doña Rosario López y Doña Carmen Aguilar en representación de sus hijos menores Don Agustín y Doña María Seculina Feliú y Aguilar, que si bien han alegado como fundamento de su oposición que son legítimos poseedores respectivamente de varias casas con sus solares correspondientes, enclavados en los terrenos reclamados por los peticionarios y que los poseen con buena fe y justos títulos

y por el tiempo que exige el artículo 1957 del antiguo Código Civil para adquirir por prescripción el dominio de los inmuebles, (*) no procede hacerse ninguna declaratoria respecto de dicha casas por ser materia extraña a la información propuesta, toda vez que sobre ellas no ha versado la reclamación establecida por los peticionarios; y que concretada la petición formulada por los opositores en sus respectivos escritos respecto de los solares en que aquellas están fábricadas a que se declare que no procede en lo que a ellos se refiere la inscripción solicitada por los promoventes, es ocioso que se haga respecto de dichos solares declaración especial alguna, toda vez que denegada la declaración de dominio de las dos parcelas de terreno pretendida por los promoventes, y por consiguente su inscripción en el registro de la propiedad, queda implícitamente resuelta la pretensión establecida por los opositores respecto de los expresados solares, y denegada por consiguiente su inscripción en el registro, que era precisamente lo que aquellos pretendían en la súplica de sus respectivos escritos.

*Considerando:* que según en regla 63 de la Orden General número 118, las costas deben imponerse a la parte cuyas pretensiones hayan sido totalmente desestimadas, ·y que en los demás casos resolverá el tribunal conforme a equidad, es lógico deducir que, cuando las peticiones de ambas partes no prosperen en absoluto, como en el presente caso sucede, cada una de ellas debe pagar las costas causadas a su instancia.

*Vistos* los artículos 395 de la Ley Hipotecaria de esta Isla y 358 ẏ 360, de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos declarar y declaramos no haber lugar a aprobar la información propuesta por Don Alfredo Solomon y Don José Asencio Smith en representación de sus respectivas esposas Doña Escolástica y Doña Carmen de Aranzamendi, y en su consecuencia que no procede declarar a favor de éstas el dominio de las dos parcelas de terreno a que se refiere la presente información. Se declara asimismo

no haber lugar a dictar pronunciamiento alguno respecto de. las casas reclamadas por los opositores Don Antonio B. (*). Caimares, Don Jesús Loubriel, Don Pedro Sayans y su esposa. Doña Rosario López y Doña Carmen Aguilar. en representa-ción de sus hijos menores; y en cuanto a los solares en que aquellas radican, estése a lo resuelto en esta sentencia res-pecto a las parcelas de terreno reclamadas por los promo-ventes, sin especial condenación de costas de ambas instan-cias; confirmándose en lo conforme y en lo que no, revocán-dose, la sentencia apelada.

Jueces concurrentes: Sres. Hernández y MacLeary.

El Juez Asociado Sr. Figueras no formó tribunal en la vista de este caso, y el Juez Asociado Sr. Sulzbacher no tomó parte en su resolución.